UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GAUDENCIO VIVAR REYES, | ) | Civil No. 07cv1187 J(RBB) |
| Petitioner, | ) ) | **ORDER DIRECTING RESPONDENT TO LODGE ADDITIONAL RECORDS AND DIRECTING FURTHER BRIEFING** |
| v. | ) ) | |
| JOHN MARSHALL, Warden, | ) ) | |
| Respondent. | ) ) | |

On June 29, 2007, Petitioner Gaudencio Vivar Reyes, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus [doc. no. 1] pursuant to 28 U.S.C. § 2254. Respondent filed an Answer [doc. no. 4] and a Notice of Lodgment [doc. no. 5] on September 7, 2007. On October 17, 2007, Petitioner filed a Reply [doc. no. 9].

Petitioner is currently serving a sentence of sixteen years to life with the possibility of parole pursuant to a plea agreement. (Pet. 1-2, 6; Lodgment 1, Abstract of J. 1, May 17, 1985.) Petitioner began serving his sentence on May 29, 1985. (Lodgment No. 2, Parole Consideration Hr'g Tr. 1, 21, Aug. 9, 2007.) Accordingly, he had served sixteen years by May 29, 2001.

In his Petition, Reyes challenges the decision of the Board of Parole Hearings on August 5, 2005, to deny him parole. (Pet. 6.) One of Petitioner's claims is that the government breached its obligations under his plea agreement by continuing to oppose parole after Petitioner served his minimum term of confinement. (Id. at 6-7.) He asserts that under the terms of the plea, the District Attorney should not have opposed parole after Reyes served sixteen years of his sentence. (Id. at 6.)

The August 5, 2005, parole hearing was not the first time that Petitioner was denied parole. (Pet. 6.) Reyes states that the 2005 denial was the sixth time he was denied parole, although the hearing transcript indicates that was his fifth parole hearing. (Id.; see Lodgment No. 2, Parole Consideration Hr'g Tr. 21.) Petitioner had last been denied parole at a hearing on or about March 25, 2003. (Lodgment No. 2, Parole Consideration Hr'g Tr. 21.) Reyes claims that the government's breach of his plea agreement "materialized after petitioner's fifth and before his sixth board appearance and is continuing." (Pet. 6.)

The Court has determined that additional records are necessary to the resolution of Reyes's Petition. The Court needs to determine when Petitioner's claim for breach of the plea agreement first arose for purposes of the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See 28 U.S.C.A. § 2244(d)(1) (West Supp. 2007). Accordingly, the Court **ORDERS** Respondent to lodge the transcript from the parole hearing held on or about March 25, 2003. Respondent may also lodge any transcripts from prior parole hearings and additional documents that are relevant to resolving whether the statute of limitations

1 has run on Petitioner's claim that his plea agreement was breached
2 when he was denied parole after he served the minimum term of his
3 sentence.  The records shall be lodged with the Court **no later than**
4 **July 28, 2008**.  On or before July 28, 2008, Respondent shall also
5 file a supplemental brief addressing the applicability of the
6 statute of limitations to Petitioner's claims.  Reyes may file a
7 reply brief **no later than August 29, 2008**.
8     **IT IS SO ORDERED.**

10 DATED: July 1, 2008
                                  RUBEN B. BROOKS
11                                   United States Magistrate Judge

12 cc:   Judge Jones
      All Parties of Record